1   ISMAIL J. RAMSEY (CABN 189820)
    United States Attorney
2
    MARTHA BOERSCH (CABN 126569)
3   Chief, Criminal Division

4   JOSHUA A. OWEN (CABN 305174)
    Special Assistant United States Attorney
5
         450 Golden Gate Avenue, Box 36055
6        San Francisco, California 94102-3495
         Telephone: (415) 436-7149
7        FAX: (415) 436-7234
         Joshua.Owen2@usdoj.gov
8
    Attorneys for United States of America
9
                       UNITED STATES DISTRICT COURT

                     NORTHERN DISTRICT OF CALIFORNIA

                        SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,           )   **CASE NO. 3:24-MJ-70392-MAG**
                                        )
14          Plaintiff,                  )   **MEMORANDUM IN SUPPORT OF UNITED**
                                        )   **STATES' MOTION FOR DETENTION**
15      v.                              )
                                        )   Date:      March 21, 2024
16  ROBERTO ALVIZAR,                    )   Time:      10:30 AM
                                        )   Court:     Hon. Laurel Beeler
17          Defendant.                  )
    _____)
18

19  **I.      INTRODUCTION**

20          Defendant Roberto Alvizar is both a significant danger to the community and a flight risk. On

21  March 13, 2024, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations

22  (ICE ERO) officers arrested Roberto Alvizar pursuant to an immigration warrant. During a search

23  incident to that arrest, officers found a concealed pistol on Alvizar. At the time of the arrest, Alvizar was

24  in the country illegally, despite being deported twice. Further, Alvizar has a long criminal history,

25  including two felony convictions for transportation of a controlled substance, and multiple bench

26  warrants for failures to appear in court proceedings. There is no condition or combination of conditions

27  that can provide for the safety of the community or secure his appearance before the Court. Accordingly,

28  the government requests that he be detained pending trial.

## II.     FACTUAL BACKGROUND

The government proffers facts herein in support of the argument that Alvizar is a danger to the community and a flight risk.

### A.     The Defendant Has a Long Criminal History, Including Narcotics Trafficking and Multiple Bench Warrants for Failures to Appear

Alvizar has numerous criminal convictions. His criminal history in the United States starts with a conviction of Vehicle Code § 23152(b), Driving Under the Influence, in 1999. Around 2009, Alvizar received three separate misdemeanor convictions, one for Penal Code § 496(a), Receiving Stolen Property, one for Penal Code § 459, Second-Degree Burglary, and one for Vehicle Code § 14601.1, Driving on a Suspended License. Then, around 2010, the defendant obtained two separate felony convictions for Vehicle Code § 10851, Vehicle Theft. The defendant was also convicted of a misdemeanor violation of Penal Code § 459, Second-Degree Burglary, again in 2010. In 2011, Alvizar was convicted of a misdemeanor violation of Health and Safety Code § 11377, Possession of a Controlled Substance. Additionally in 2011, defendant was convicted of two separate felony violations Health and Safety Code § 11379, Transportation of a Controlled Substance. [1] Further, during this time defendant had numerous arrests for other violations, most significantly for two separate Failures to Appear and a Failure to Report in 2008, and another Failure to Appear in 2009.

While there is a gap in defendant's criminal history after 2012, this is because the defendant started a cycle of immigration violations instead. After his two separate felony convictions for Transportation of a Controlled Substance, a federal immigration judge ordered him removed from the United States. Alvizar was removed from the United States in January of 2012. However, Alvizar chose to violate that federal judge's order and immediately returned to the United States. This caused another immigration judge to reinstate the removal order, causing Alvizar to be removed again in February of 2012. Alvizar again violated the federal courts order by returning to the United States at some time prior to 2018, as Alvizar was arrested again in 2018 for a probation violation and in 2021 for Vehicle Theft. [2]

---

[1] In this instance, both offenses were filed in the same court case, but the offenses occurred on separate dates.

[2] An ICE Detainer was placed on Alvizar while he was incarcerated for his 2018 probation violation arrest. However, Alvizar was not released to federal officials.

### B.     Alvizar's Most Recent Offense

On March 13, 2024, at approximately 5:08 a.m., ICE ERO officers observed a Gray Dodge Ram parked in front of a residence in Colusa Avenue, Richmond, California. The Dodge Ram was registered to an "Alvizar, Roberto." At approximately 7:00 a.m., officers observed a male matching the physical description of Alvizar get into the driver's seat of the Dodge Ram and a female enter the passenger's seat. Officers followed the Dodge Ram and conducted a traffic stop on the vehicle at Dalai Lamma Avenue and San Joaquin Street. Officers asked the driver for his driver's license and the male provided identification showing that he was Alvizar. Officers then had Alvizar exit the vehicle and placed him under arrest.

After Alvizar was handcuffed, officers began searching Alvizar incident to arrest. Officers asked Alvizar in English if he had any weapons on him. However, Alvizar did not respond. Officers then asked in Spanish if he had any weapons on him, and Alvizar responded in Spanish that, yes, he had a gun in his waist. Officers then retrieved a firearm from Alvizar. The firearm was a 9mm Ruger pistol with a loaded magazine containing seven rounds of ammunition, with no round in the chamber. Officers then placed Alvizar in the back of their vehicle and transported him to a safer location to conduct a more thorough search of Alvizar. During that search, officers found a plastic bag containing a white substance. Officers asked Alvizar what was in the bag and Alvizar responded that it was methamphetamine.

### III.    LEGAL STANDARD

The government has a right to a detention hearing because the defendant is charged with an offense involving possession of a firearm. *See* 18 U.S.C. § 3142(f)(1)(E). Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk—the government need not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id.*

1    "[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated

2    in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those

3    factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence

4    against the defendant; (iii) the history and characteristics of the defendant, including the defendant's

5    character, physical and mental condition, family and community ties, past conduct, history relating to

6    drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well

7    as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature

8    and seriousness of the danger to any person or to the community that would be posed by the defendant's

9    release. *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

10   The rules of evidence do not apply at a detention hearing. 18 U.S.C. § 3142(f)(2)(B). It is well-

11   settled that at a detention hearing, the government may present evidence by way of an evidentiary

12   proffer sufficient to make the court aware of the defendant's role in the offense, the weight of the

13   evidence against the defendant, and other relevant factors. *See, e.g., United States v. Salerno*, 481 U.S.

14   739, 743 (1987).

15   **IV.    ARGUMENT**

16       **A.    Alvizar Is a Danger to the Community**

17           1.    <u>The Nature and Circumstances of the Offense Demonstrate that Alvizar is a</u>
18               <u>Danger to the Community</u>

19   At the time of his arrest, Alvizar, a convicted felon and unlawful alien, possessed a concealed

20   and loaded semi-automatic pistol with seven rounds of ammunition. These facts alone are sufficient to

21   find that Alvizar poses a danger to the community. *See, e.g., United States v. Brewer*, 2013 WL 791312,

22   at *2 (N.D. Cal. 2013) (carrying loaded firearm weighed in favor of detention because it "indicate[d]

23   that [the defendant] may be violent and pose a danger to the community"). The danger posed by firearms

24   offenses, including those under 18 U.S.C. § 922, is well established. *See United States v. Torres*, 911

25   F.3d 1253, 1264 (9th Cir. 2019).

26           2.    <u>The Seriousness of Danger to the Community Require Detention</u>

27   Alvizar is a convicted narcotics trafficker who carries weapons. It is well established that

28   narcotics dealers tend to carry weapons. *See, e.g., United States v. Flores*, 536 F. App'x 709, 711 (9th

1  Cir. 2013). In 2011, Alvizar was convicted of two separate counts of transportation of a controlled
2  substance. This is consistent with the instant offense where Alvizar was found again with
3  methamphetamine, weighing a total of nine grams including packaging, but this time with a loaded
4  pistol as well. Further, in 2010, Alvizar was arrested for possession of a controlled substance and
5  carrying a concealed dirk or dagger. His prohibited status as both a convicted felon and unlawful alien
6  has not stopped him from possessing a firearm. Based on this history, the Court setting a condition to not
7  possess a firearm will have little effect. Therefore, it is clear that no condition set by the Court will
8  ensure Alvizar does not obtain another dangerous weapon.

9         **B.**    **Alvizar is a Flight Risk**

10              3.   <u>The Defendant's History Further Support Detention</u>

11     Alvizar's history shows constant flight from the Court and violations of court orders. In February
12 of 2008, Alvizar was arrested on a bench warrant for a failure to appear and a failure to report to a work
13 release program. Then again, in June of 2008, Alvizar was arrested on another bench warrant for a
14 failure to appear. In November 2009, Alvizar was again arrested on a bench warrant for a failure to
15 appear. After these failures to appear, Alvizar begins violating court orders in a different way. He is
16 ordered removed by a federal immigration judge in January of 2012 and removed that same month.
17 However, Alvizar immediately violated that removal order and returns to the United States. Causing
18 another federal immigration judge to have to have him removed again in February of 2012. Alvizar
19 again violates that removal order and at some point, returns to the United States. Once he returns to the
20 United States, Alvizar continues his pattern and again violates another court order, this time being
21 arrested for violating his probation. In total, Alvizar has over twenty arrests resulting in ten convictions.
22 Demonstrating a consistent pattern of flight and violating court orders. It is clear from Alvizar's history
23 that there is no combination of conditions that will reasonably assure Alvizar's appearance.

24              4.   <u>The Weight of the Evidence Suggests Alvizar is a Flight Risk</u>

25     Finally, Alvizar is a significant flight risk because there is a reasonable likelihood of conviction.
26 *See United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991) (strong evidence of guilt "makes it
27 more likely that he will flee"). Alvizar told officers that he had a pistol in his waist and that is indeed
28 where officers found the pistol. Further, Alvizar has already been removed twice from the United States

MOTION FOR DETENTION       5
3:24-MJ-70392-MAG

and is a convicted felon. This high likelihood of conviction further increases Alvizar's flight risk.

## V.    CONCLUSION

For the foregoing reasons, there is no set of conditions that will reasonably ensure the safety of the community or ensure Alvizar's appearance at court proceedings. Accordingly, the Court should order Alvizar detained pending trial.

DATED: March 20, 2024                    Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney


 /s/ Joshua Owen
JOSHUA A. OWEN
Special Assistant United States Attorney