ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JOSHUA A. OWEN (CABN 305174)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7149
    FAX: (415) 436-7234
    Joshua.Owen2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERTO ALVIZAR,<br><br>    Defendant. | CASE NO. 3:24-CR-00175 TLT<br><br>UNITED STATES'S SENTENCING MEMORANDUM<br><br>Date: August 9, 2024<br>Time: 10:00 a.m.<br>Judge: Hon. Trina L. Thompson |

## I.    INTRODUCTION

On April 5, 2024, Defendant Roberto Alvizar pleaded guilty to a single count of Possession of a Firearm by an Alien Unlawfully in the United States occurring on March 13, 2024, in violation of 18 U.S.C. § 922(g)(5). On the date of the offense, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE ERO") officers arrested Mr. Alvizar pursuant to an immigration warrant. During a search incident to that arrest, officers found a concealed pistol on Mr. Alvizar. Further, at the time of the arrest, Mr. Alvizar was in the country illegally, despite being deported twice. Mr. Alvizar has a long criminal history, including two felony convictions for transportation of a controlled substance. Here, consistent with the plea agreement, the government recommends a sentence of six months, followed by three years of supervised release, as sufficient but no

greater than necessary to meet the purposes of sentencing.

## II. OFFENSE CONDUCT

On March 13, 2024, at approximately 5:08 a.m., ICE ERO officers observed a Gray Dodge Ram parked in front of 5205 Colusa Avenue, Apartment 4, in Richmond, California. The Dodge Ram was registered to an "Alvizar, Roberto." At approximately 7:00 a.m., officers observed a male matching the physical description of Mr. Alvizar get into the driver's seat of the Dodge Ram and a female enter the passenger's seat. Officers followed the Dodge Ram and conducted a traffic stop on the vehicle at Dalai Lamma Avenue and San Joaquin Street. Officers asked the driver for his driver's license and the male provided identification showing that he was Mr. Alvizar. Officers then had Mr. Alvizar exit the vehicle and placed him under arrest pursuant to an immigration warrant.

After Mr. Alvizar was handcuffed, officers began searching Mr. Alvizar incident to arrest. Officers asked Mr. Alvizar in English if he had any weapons on him. However, Mr. Alvizar did not respond. Officers then asked in Spanish if he had any weapons on him, and Mr. Alvizar responded in Spanish that, yes, he had a gun in his waist. Officers then retrieved a firearm from Mr. Alvizar. The firearm was a 9mm Ruger pistol with a loaded magazine containing seven rounds of ammunition, with no round in the chamber. Officers then placed Mr. Alvizar in the back of their vehicle and transported him to a safer location to conduct a more thorough search of Mr. Alvizar. During that search, officers found a plastic bag containing a white substance. Officers asked Mr. Alvizar what was in the bag and Mr. Alvizar responded that it was methamphetamine.

## III. SENTENCING GUIDELINES CALCULATIONS

The Presentence Investigation Report ("PSR") and the parties' Plea Agreement [ECF 13] set out the Guidelines offense level calculation for this case as follows:

| | | |
|---|---|---:|
| a. | Base Offense Level, U.S.S.G. §2K2.1(a)(6): | 14 |
| b. | Acceptance of Responsibility, U.S.S.G. § 3E1.1: | <u>- 2</u> |
| **c.** | **Total Offense Level:** | **12** |

Because Mr. Alivzar's Criminal History Category ("CHC") is I, the Guidelines range for his sentence is 10 to 16 months.

## IV. LEGAL STANDARD

The United States Sentencing Guidelines serve as "the starting point and the initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991 (citation omitted). In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include:

- the nature and circumstances of the offense and the history and characteristics of the defendant;
- the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- the need for the sentence imposed to afford adequate deterrence to criminal conduct; and
- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## V. SENTENCING RECOMMENDATION

The United States recommends that the Court sentence Mr. Alvizar to six months imprisonment, which represents a downward variance from the applicable Guidelines range. Consistent with 18 U.S.C. § 3553(a), such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense and to provide specific deterrence given Mr. Alvizar's criminal history.

<u>Nature and Circumstances of the Offense</u>

Mr. Alvizar's conduct here is dangerous and the offense he committed is serious. Mr. Alvizar is not only prohibited from possessing a firearm because he is an unlawful alien, but also because he is a convicted felon. Despite being prohibited for two separate reasons, Mr. Alvizar was found in possession of a concealed and loaded firearm. Further, at the time Mr. Alvizar was stopped, he was on a public street with the concealed firearm, and he had methamphetamine on his person. Therefore, the seriousness of the offense weighs heavily for sentencing Mr. Alvizar to the full six months.

<u>History and Characteristics of the Defendant</u>

As noted in the PSR, Mr. Alvizar has a long criminal history. His criminal history here in the United States begins in 1999 with a conviction for Vehicle Code § 23152(b), Driving Under the

Influence. In 2009, Mr. Alvizar was convicted of three different misdemeanors from three separate cases, one for Penal Code § 496(a), Receiving Stolen Property, one for Penal Code § 459, Second-Degree Burglary, and one for Vehicle Code § 14601.1, Driving on a Suspended License. Then, in 2010, Mr. Alvizar was convicted of his first felony, Vehicle Code § 10851, Vehicle Theft. That year he was also convicted of a misdemeanor violation of Penal Code § 459, Second-Degree Burglary. Finally, in 2011, Mr, Alvizar was convicted of a misdemeanor violation of Health and Safety Code § 11377, Possession of a Controlled Substance and of two separate felony violations Health and Safety Code § 11379, Transportation of a Controlled Substance. In addition to these convictions, Mr. Alvizar has numerous arrests as noted in the PSR. Mr. Alvizar's long criminal history justifies the recommendation of six months.

<u>Need to Promote Respect for the Law and Provide Just Punishment</u>

In addition to Mr. Alvizar's criminal history discussed above, Mr. Alvizar has a history of ignoring the orders of the court system. In January 2012, Mr. Alvizar was ordered removed from the United States and was removed that month. However, Mr. Alvizar chose to immediately violate that removal order and return to the United States. Mr. Alvizar was arrested and then removed a second time from the United States one month later in February 2012. Despite both removals, Mr. Alvizar has again returned to the United States, but this time he was found carrying a concealed and loaded firearm. Carrying a loaded firearm concealed on one's person or in a vehicle is not only illegal on its own, *see* California Penal Code § 25850, but was something he was explicitly prohibited from doing because of both his immigration status and his prior felony convictions. Because of these facts, merely sentencing Mr. Alvizar to time served will just result in him being found again in the United States, likely with another firearm or committing another crime. Therefore, the Court should impose a period of three years supervised release in addition to six months incarceration.

<u>Need to Afford Adequate Deterrence</u>

A six-month period of incarceration is the minimum required to afford adequate deterrence. According to the PSR, Mr. Alvizar has already severed numerous periods of incarcerations. For example, in January 2011, he was sentenced to four months in jail. And in October 2011, he was sentenced to six months in jail. However, the six months was clearly not sufficient to prevent Mr.

Alvizar from continuing to commit serious offenses since the instant offense is now in front of this Court. It would make little sense to sentence Mr. Alvizar to anything less than six months and expect a different result. Therefore, a sentence of six months and three years of supervised release is appropriate.

<u>Need to Avoid Unwarranted Disparities</u>

The Guidelines range for Mr. Alvizar's sentence is 10 to 16 months. According to the PSR, the average length of imprisonment imposed on similar defendants was nine months and the median length of imprisonment was ten months. Further, the Probation Office recommends a sentence of 10 months imprisonment. A sentence of six months is already well below the average, median, and recommended length of imprisonment. There are no facts in the case that warrant a further variance. Therefore, any sentence below the six months imprisonment would cause an unwarranted disparity from sentences imposed on other similar defendants.

## VI. CONCLUSION

For the foregoing reasons, the United States recommends that the Court sentence Mr. Alvizar to six months imprisonment, three years supervised released, and a $100 special assessment.

DATED: July 23, 2024                                Respectfully submitted,

                                                    ISMAIL J. RAMSEY
                                                    United States Attorney


                                                    _/s/ Joshua A. Owen_____
                                                    JOSHUA A. OWEN
                                                    Special Assistant United States Attorney